UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-274-MOC
(1:16-cr-94-MOC-DLH-1)

| | |
|---|---|
| BOB LEE JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

**I.  BACKGROUND**

Petitioner was charged with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (1:16-cr-94 (CR) Doc. No. 1). Petitioner was found guilty following a jury trial. (CR Doc. No. 30).

The Presentence Investigation Report (PSR) calculated the base offense level as 24 pursuant to U.S. Sentencing Guidelines § 2K2.1 because Petitioner committed the 922(g)(1) offense subsequent to sustaining at least two felony convictions of either a crime of violence or controlled substance offense. (CR Doc. No. 39 at ¶¶ 14, 26, 28). Petitioner had seven criminal history points and two points were added because Petitioner committed the instant offense while under a criminal justice sentence, resulting in a criminal history category of IV. (CR Doc. No. 39 at ¶¶ 37-39). The resulting advisory guidelines range was 77 to 96 months' imprisonment and between 1 and 3 years of supervised release. (CR Doc. No. 39 at ¶¶ 60, 63).

1

Petitioner filed objections to the base offense level of 24, arguing *inter alia* that the two prior convictions arose out of the same facts and circumstances and it was thus improper to use them to enhance the base offense level and for criminal history points. (CR Doc. No. 42). The Court found that the PSR accurately calculated the advisory guideline range and sentenced him, in a Judgment entered on July 19, 2017, to 77 months' imprisonment and three years of supervised release. (CR Doc. No. 50).

On direct appeal, Petitioner argued that the district court erred by not allowing hearsay evidence of an inculpatory statement made by a third party and by failing to instruct the jury on voluntary intoxication as an affirmative defense; that the evidence was insufficient to sustain the conviction; and that the Court had an obligation to investigate, *sua sponte*, the reason for an all-white jury venire. The Fourth Circuit Court of Appeals affirmed. United States v. Jones, 742 F. App'x 710 (4th Cir. 2018). It found that the Court did not abuse its discretion by excluding hearsay testimony about the allegedly inculpatory statement by a third party. It noted that Petitioner was able to present his defense that someone else was responsible for the shooting in the parking lot and the hearsay statement did not exonerate Petitioner because he was charged with unlawful possession of a firearm, not unlawful discharge. The Fourth Circuit further held that the Court did not err by failing to instruct the jury on voluntary intoxication because the proposed instruction was incorrect and supported by the evidence, that the evidence was sufficient to support the conviction, and that no plain error occurred with regards to the all-white venire. The United States Supreme Court denied certiorari on November 19, 2018. Jones v. United States, 139 S.Ct. 578 (2018).

Petitioner filed the instant § 2255 Motion to Vacate on September 19, 2019. He argues (renumbered): (1) trial counsel was ineffective for failing to: (A) request a jury instruction that the

2

Government had to prove beyond a reasonable doubt that he knew, at the time he possessed the firearm, that he is a convicted felon and for failing to seek a judgment of acquittal on that basis; (B) compel the appearance of a witness at trial; and (C) argue that his prior convictions for conspiracy to distribute drugs is not categorically a "controlled substance offense" under U.S. Sentencing Guidelines § 2K2.1 and for failing to object to the use of 4B1.2, application note 1; and (2) the judgment is invalid pursuant to Rehaif v. United States, 139 S.Ct. 2191 (2019),[1] which applies retroactively.

The Government filed a Response arguing that the § 2255 Motion to Vacate should be denied because Petitioner has not shown that counsel performed deficiently or that the allegedly deficient performance prejudiced him, and that the Rehaif claim is too conclusory to support relief, procedurally defaulted from § 2255 review, and meritless.

Petitioner filed a Reply raising a number of issues, including that counsel and the Court erred by relying on a Guideline that has been invalidated and that appellate counsel was ineffective for failing to bring United States v. Whitley, 737 F. App'x 147 (4th Cir. 2018),[2] to the Fourth Circuit's attention. Petitioner further argues that "may well be serving a sentence for a crime that he could not have been found guilty of (thanks to Rehaif)," (Doc. No. 7 at 5). With regards to procedural default, Petitioner argues that if Rehaif applies retroactively, "Mr. Jones need not establish cause for failing to raise this issue earlier or prejudice resulting therefrom." (Doc. No. 7 at 7). He claims that "he did not know he was a convicted felon at the time he possessed the firearm" and that the Government had the burden of proof on that issue. (Doc. No. 7 at 7).

---

[1] The Supreme Court held in Rehaif that the government must prove, in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.

[2] The Fourth Circuit held in Whitley that a § 846 drug conspiracy conviction is not categorically a controlled substance offense for purposes of the career offender enhancement because § 846 conspiracy does not require an overt act.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

**(1) Ineffective Assistance of Counsel**

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The Strickland standard is difficult to satisfy in

4

that the "Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." See Yarborough v. Gentry, 540 U.S. 1, 8 (2003). The prejudice prong inquires into whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In considering the prejudice prong of the analysis, a court cannot grant relief solely because the outcome would have been different absent counsel's deficient performance, but rather, it "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), *vacated on other grounds*, 218 F.3d 310 (4th Cir. 2000).

Petitioner raises a number of claims of ineffective assistance of counsel that will be addressed in turn.[3]

**(A)  Knowledge Element**

First, Petitioner contends that trial counsel was ineffective for failing to request a jury instruction that the Government had to prove beyond a reasonable doubt that Petitioner knew, at the time he possessed the firearm, that he is a convicted felon and for failing to seek a judgment of acquittal on that basis.

---

[3] Petitioner's claims have been reorganized and renumbered.

Counsel did not perform deficiently by failing to request such a jury instruction or seek judgment of acquittal because controlling Fourth Circuit precedent at the time held that, in § 922(g) actions, the Government did not have to prove that a defendant's knowledge that he was a felon. See United States v. Langley, 62 F.3d 602 (4th Cir. 1995) (*en banc*). It was not until Rehaif was issued on June 21, 2019 that such element was required. Counsel cannot be deemed deficient for failing to anticipate this development in the law. See United States v. McNamara, 74 F.3d 514, 516-17 (4th Cir. 1996); United States v. Morris, 917 F.3d 818, 823 (4th Cir. 2019) ("A lawyer does not perform deficiently by failing to raise novel arguments that are unsupported by then-existing precedent.... Nor [is counsel ineffective for] failing to anticipate changes in the law, or to argue for an extension of precedent."). Further, even if any deficiency had occurred, Petitioner cannot demonstrate prejudice because Petitioner bases his lack of knowledge argument on his voluntary intoxication at the time the possession occurred. "Because voluntary intoxication is a defense only to specific intent crimes, courts agree that the defense does not apply to the general intent crime in § 922(g)(1)." United States v. Fuller, 436 F. App'x 167, 168 (4th Cir. 2011); United States v. Wolfe, 10 F. App'x 115 (4th Cir. 2001) (accord). Therefore, even if counsel had raised the issues Petitioner has identified, there is no reasonable probability that the trial outcome would have been different.

Counsel was not ineffective for failing to raise to legally meritless arguments regarding the knowledge element of § 922(g) so these claims will be denied.

**(B) Defense Witness**

Petitioner contends that counsel was ineffective for failing to compel the appearance of a defense witness at trial. Petitioner argues that he gave counsel the name and contact information for an individual who allegedly told the manager of the club where the incident occurred that he had fired a pistol then handed it off. Petitioner contends that counsel should have issued a summons

6

or asked that the U.S. Marshals Service help locate the declarant. As a result of counsel's failure, he argues, the Court and Fourth Circuit found that Petitioner failed to demonstrate the declarant's availability which rendered the statement inadmissible, and that this prejudiced him.

Choosing which witness to call is a classic example of trial strategy for which an attorney has broad discretion. United States v. Chapman, 593 F.3d 365, 369 (4th Cir. 2010) (the "decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney") (quoting Boyle v. McKune, 544 F.3d 1132, 1139 (10th Cir. 2008)). To demonstrate prejudice based on a claim regarding an uncalled witnesses, a petitioner "must show not only that this testimony would have been favorable, but also that the witness would have testified at trial." Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985). Further, a defendant claiming ineffective assistance of counsel based on an uncalled witness should make a proffer of testimony from the uncalled witness. See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990). This claim is insufficient to support relief insofar as Petitioner has failed to include in the § 2255 Motion to Vacate the witness's name, availability to testify a trial, or a proffer of his alleged testimony. See, e.g., Howard v. Lassiter, 2013 WL 5278270, at *3 (M.D.N.C. Sept. 18, 2013) (unpublished) (holding claim of uncalled witnesses failed where petitioner did not specify the identity of the witnesses, the substance of their anticipated testimony, or how this testimony would have produced a different outcome at trial).

Further, Petitioner has failed to demonstrate that ineffective assistance occurred. Petitioner alleges that he provided the alleged declarant's name and contact information to counsel but that counsel failed to procure the witness's presence. The record reflects that counsel made efforts to locate that individual and was unable to do so. See (CR Doc. No. 62 at 227). Although Petitioner complains generally that counsel should have made more or better efforts to obtain the declarant's

7

presence, he has failed to explain how counsel's efforts were unreasonable or prejudiced him. As the Fourth Circuit noted on appeal, Petitioner was able to present a defense that someone else was responsible for shooting a firearm in the club's parking lot, and the hearsay statement at issue was not exculpatory because Petitioner was charged with possession, not discharge, of a firearm. Jones, 742 F. App'x at 712. Petitioner has failed to show, under these circumstances, that counsel's allegedly deficient performance prejudiced him in any way. Accordingly, this claim will be denied.

**(C)  Sentencing Guidelines**

Petitioner contends that trial counsel[4] was ineffective for failing to argue that his prior convictions are not categorically controlled substance offenses under U.S. Sentencing Guidelines § 2K2.1, and by relying on the definition of "controlled substance offense" contained in the commentary to § 4B1.2(b) which is "without legal force." (Doc. No. 1-1 at 12).

Strickland applies to ineffective assistance of counsel claims in the context of sentencing. There is no minimal amount of additional time in prison that constitutes prejudice; United States Supreme Court jurisprudence suggests that "any amount of actual jail time has Sixth Amendment consequences." Glover v. United States, 531 U.S. 198, 203 (2001).

Section 2K2.1 of the U.S. Sentencing Guidelines provides that, if a defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense, the base offense level is 24. U.S.S.G. § 2K2.1(a)(2) (2016). The commentary for § 2K2.1 provides that "'controlled substance offense' has the meaning given that term in § 4B1.2(b) and Application Note 1 of the Commentary to § 4B1.2…." U.S.S.G.

---

[4] Petitioner argued for the first time in his Reply that appellate counsel was ineffective for failing to raise this issue on direct appeal. This claim is not properly before the Court and, therefore, it will be dismissed. See generally Rules Governing § 2255 Proceedings, Rule 2(b)(1) ("The motion must … specify all the grounds for relief available to the moving party…."); Fed. R. Civ. P. 15 (addressing amendments to pleadings).

§ 2K2.1 App. Note 1 (2016). Section 4B1.2 defines "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit controlled substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b) (2016). "[T]he commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38 (1993). Inconsistency occurs when "following one will result in violating the dictates of the other," in which case the guideline controls. Id. at 43.

Petitioner contends that Application Note 1 to § 4B1.2 is not binding because it is inconsistent with the guidelines. That is, he argues that Application Note 1's inclusion of inchoate crimes is inconsistent with the § 4B1.2's definition of a "controlled substance offense" as a felony that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance…," and therefore is not binding. He also argues that a drug distribution conspiracy is not categorically a crime of violence for purposes of § 4B1.2.

In United States v. Kennedy, 32 F.3d 876 (4th Cir. 1994), the Fourth Circuit held in a published decision that a conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 "would clearly qualify as a career offender offense under the Guidelines provisions and commentaries." Id. at 888-89 (finding that "the Sentencing Commission did not exceed its statutory authority by 'includ[ing] conspiracy as an offense subject to treatment by the career offender provisions pursuant to its general authority under [28 U.S.C.] § 994(a).'"). On June 12, 2018, the Fourth Circuit issued an unpublished decision, United States v. Whitley, 737 F. App'x

9

147 (4th Cir. 2018), in which it found that a § 846 drug conspiracy conviction is not categorically a controlled substance offense for purposes of the career offender enhancement because § 846 conspiracy does not require an overt act. In United States v. Norman, 935 F.3d 232 (4th Cir. 2019) issued on August 15, 2019, the Fourth Circuit held that Kennedy and several other Fourth Circuit cases "*assumed* that § 846 conspiracy convictions qualified as controlled substance offenses" without having the issue squarely before it and denied that this "passing observation" was a holding.

In case number 1:02-cr-86-02 Petitioner was convicted in this Court of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. (CR Doc. No. 39 at ¶ 26). Counsel did not perform unreasonably by relying on cases including Kennedy and failing raise an objection that was not supported by existing precedent at that time. See McNamara, 74 F.3d at 516-17; Morris, 917 F.3d at 823; see, e.g., United States v. Davis, 767 F. App'x 535 (4th Cir. 2019) (rejecting defendant's direct appeal claim that counsel was ineffective for failing to challenge his career offender status based on a § 846 conspiracy conviction because defendant was sentenced before Whitley was issued and several published decisions had ruled that a § 846 drug conspiracy qualifies as a controlled substance offense for career offender purposes, and therefore, ineffective assistance of counsel did not conclusively appear on the face of the record); Norman, 935 F.3d at 241 (finding that no plain error occurred in applying § 2K2.1 to a conspiracy conviction because "prior to today's decision, Kennedy and its progeny sufficiently muddied the water such that 'the district court's error was not so clear or obvious to' be plain.") (quoting United States v. Carthorne, 726 F.3d 503, 516 (4th Cir. 2013)).

To the extent that Petitioner also intends to challenge his New Jersey convictions' qualification as controlled substance offenses, this claim is too vague and conclusory to support

10

relief insofar as he fails to explain why these offenses do not qualify as controlled substance offenses pursuant to § 4B1.2. See generally United States v. Dyess, 730 F.3d 354 (4th Cir. 2013) (vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court). Further, no basis for such a challenge is evident on the record. Petitioner was convicted under New Jersey law of second-degree conspiracy to violate narcotics laws (cocaine); third-degree possession of CDS (cocaine) with intent to distribute within 1,000 feet of a school; and third-degree distributing CDS (cocaine) within 1,000 feet of a school. (CR Doc. No. 39 at ¶ 28). Assuming *arguendo* that Petitioner's New Jersey conspiracy conviction is not a controlled substance offense under § 2K2.1, Petitioner fails to challenge his convictions for possession with intent to distribute cocaine within 1,000 feet of a school and distributing cocaine within 1,000 feet of a school, both of which are third-degree felony drug offenses punishable by more than a year in prison. See generally United States v. Powell, 774 F. App'x 728 (3d Cir. 2019) (finding that New Jersey convictions for possession with intent to distribute heroin qualify as controlled substance offenses for purposes of career offender sentencing because New Jersey and federal law both specifically list heroin as a prohibited substance); N.J. Stat. § 2C:43-6a(3) (third-degree felonies are punishable by three to five years in prison). Therefore, even if Petitioner intended to argue that his New Jersey convictions do not qualify as controlled substance offenses, this claim will be dismissed and denied.

Petitioner has failed to demonstrate that any ineffective assistance of counsel occurred with regards to sentencing, and therefore, this claim will be denied.

**(2)    Rehaif**

Finally, Petitioner argues that he should be granted relief pursuant to Rehaif, which applies retroactively.

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994). With regards to cause and prejudice, a petitioner must demonstrate: (1) the existence of cause for a procedural default that turns on something external to the defense; and (2) actual prejudice resulting from the errors of which he complains. United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010).

A subsequent change in the law constitutes "cause" only where "a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). However, "alleged futility cannot serve as 'cause' for procedural default in the context of collateral review." See Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. 2014) (*en banc*) (citing Bousley, 523 U.S. at 623). To show prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his *actual* and substantial disadvantage" and were of constitutional dimension. See Frady, 456 U.S. at 170. To show actual innocence, a petitioner must demonstrate that he "has been incarcerated for a crime he did not commit." United States v. Jones, 758 F.3d 579, 584 (4th Cir. 2014). Actual innocence means factual innocence, not legal insufficiency. See Mikalajunas, 186 F.3d at 494; see also McQuiggin v. Perkins, 569 U.S. 383,

393 (2013) ("a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims … on the merits notwithstanding the existence of a procedural bar to relief.").

Petitioner did not raise his Rehaif claim before this Court or on direct appeal. Petitioner argues that, if Rehaif applies retroactively, "Mr. Jones need not establish cause for failing to raise this issue earlier or prejudice resulting therefrom." (Doc. No. 7 at 7). Petitioner further argues that "may well be serving a sentence for a crime that he could not have been found guilty of (thanks to Rehaif)." (Doc. No. 7 at 5).

Petitioner assumes that Rehaif is retroactive, however, neither the U.S. Supreme Court nor the Fourth Circuit has made such a holding. To the extent that Petitioner argues that he is excepted from the procedural default rule because Rehaif is novel, such claim is unavailing. First, Petitioner has demonstrated, at most, futility but he has failed to demonstrate that the claim was unavailable. It is insufficient to argue that "a claim was unacceptable to that particular court at that particular time." Engle v. Isaac, 456 U.S. 107, 130 (1982); see Rehaif, 139 S.Ct. at 2199 (observing that, even "[p]rior to 1986 … there was no definitive judicial consensus that knowledge of status was not needed"). Further, Petitioner appears to allege that he is not required to demonstrate prejudice because it was the Government's burden to prove the knowledge element at trial. Petitioner is mistaken; it is his burden to demonstrate prejudice in this § 2255 proceeding. To the extent that Petitioner argues that he lacked knowledge due to voluntary intoxication, such claim is meritless for the reasons set forth in Section(1)(A), *supra*. Finally, Petitioner appears to suggest that the actual innocence exception may apply. However, Petitioner has not come forward with any credible evidence that he is factually innocent of violating § 922(g). Therefore, Petitioner's Rehaif claim is procedurally defaulted from § 2255 review, no exception applies, and the § 2255 Motion to Vacate will be dismissed with prejudice.

Even if this claim were not procedurally defaulted, it would be denied. A § 2255 petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 152. Petitioner has failed to demonstrate how the alleged Rehaif error worked to his actual and substantial disadvantage and his failure to do so has rendered this claim too vague and conclusory to support § 2255 relief. See generally Dyess, 730 F.3d at 354; Frady, 456 U.S. at 152. Assuming *arguendo* that Petitioner is attempting to claim that he was not aware of his prohibited status due to voluntary intoxication at the time of the incident, Rehaif does not support relief because, as already explained, voluntary intoxication is not a defense to a § 922(g) charge. See Section (1)(A), *supra*. Therefore, this claim will be dismissed as procedurally defaulted and, alternatively, denied on the merits.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is

denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

Signed: December 11, 2020

Max O. Cogburn Jr
United States District Judge