# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16-cr-94-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| BOB LEE JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Early Termination of Probation/Supervised Release. (Doc. No. 77).

## I. BACKGROUND

At trial, a jury found Defendant Bob Lee Jones guilty of possession of a firearm by a prohibited person. On July 5, 2017, this Court sentenced Defendant to 77 months' imprisonment, to be followed by three years of supervised release (Doc. No. 50). Defendant completed his prison term and has been supervised by probation since approximately January 21, 2022. Thus, he has completed more than 21 months of his 36-month term of supervision. He moves for early termination based on his compliance with probation to date, positive personal changes, consistent employment, to join the advisory board of his church, and other factors.

The Government has submitted a response, stating that it takes no position on whether the Court should grant Defendant's motion. The Government notes, however, the circumstances surrounding Defendant's illegal gun possession—he was involved in a shooting outside a nightclub in Asheville—give the Government "pause." The Government further notes that it has consulted with Defendant's probation officer, who states that Defendant has fully complied throughout his supervision, with no violations. The probation officer also notes that Defendant

1

takes care of his children. The probation officer confirms that Defendant owns rental properties, is constantly maintaining them, and derives most of his income from that practice. Defendant's probation officer does not oppose Defendant's request for early termination.

## II. DISCUSSION

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Early release from supervised release is appropriate when the defendant has exhibited "exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Folks v. United States, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) (internal citation omitted).

"One of the purposes of supervised release is to provide rehabilitation and oversight of the offender to deter their return to crime." Id. at 652. Consequently, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." Id. (quoting United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)). If it were, then "the exception would swallow the rule." McKay, 352 F. Supp. 2d at 361. Ultimately, the decision whether to terminate a term of supervised release is within the Court's discretion. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) (noting that the phrase "the interest of justice" gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period).

Here, given that Defendant has successfully navigated his supervised release and because his probation officer does not oppose early termination, this Court finds that early

2

termination is appropriate.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Early Termination of Probation/Supervised Release, (Doc. No. 77), is **GRANTED**.

Signed: November 20, 2023

Max O. Cogburn Jr
United States District Judge